IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JAMES DANIEL CUNNINGHAM                                              PLAINTIFF
#212

v.                         No: 4:23-cv-00073-KGB-PSH

WISE, *et al.*[1]                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff James Daniel Cunningham filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 2) while incarcerated at the Faulkner County Detention Center ("FCDC"). Cunningham's complaint was filed on behalf of several inmates

---

[1] The Clerk of Court is directed to remove Lieutenant Terry Roper as a defendant in this case because he is not listed as a defendant in Cunningham's most recent amended complaint.

also housed at the FCDC; in accordance with court policy, a separate case was opened for each plaintiff. Cunningham was subsequently granted leave to proceed *in forma pauperis* and invited to file an amended complaint to clarify his claims. Doc. No. 4. He was informed that he could not sue on behalf of other inmates, must describe the involvement of each named defendant in the alleged constitutional violations, and must describe the injuries he sustained from such violations. *Id.* Cunningham filed amended complaints on February 21, 2023 (Doc. No. 4) and March 3, 2023 (Doc. No. 5). These complaints are virtually identical with the only difference being the spelling of defendant Watkins' name. The Court has liberally construed[2] Cunningham's most recent amended complaint for screening purposes and finds that his claims should be dismissed for failure to state a claim upon which relief may be granted.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A,

---

[2] *See Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004) ("When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework.").

1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983.

Cunningham is a pre-trial detainee. Doc. No. 5 at 3. Cunningham sues FCDC officers Wise and Watkins. *Id.* at 1-2. He alleges that he was placed into a cell at the FCDC with no toilet for three or more days. *Id.* at 4-5. He further alleges that Wise and Watkins were aware he did not have a toilet, and that Wise instructed him to use the shower instead on two separate dates in December 2022. *Id.* Cunningham

claims he felt embarrassed and dehumanized as a result. *Id.* Cunningham fails to state a claim upon which relief may be granted, for the reasons described below.

A pretrial detainee's conditions of confinement claim falls under the due process clause of the Fourteenth Amendment, which prohibits pretrial detainees from being confined in conditions that amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 906-07 (8th Cir. 2020). The "government may detain defendants pretrial and may subject them to the restrictions and conditions of a detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Stearns*, 957 F.3d at 907 (quoting *Bell*, 441 U.S. at 536–37). Obviously, pretrial conditions are punishment if they are "intentionally punitive." *Id.* Less obviously, pretrial conditions constitute punishment if they are "not reasonably related to a legitimate governmental purpose or were excessive in relation to that purpose." *Id.* Stated differently, pretrial conditions can be deemed punishment if they are "arbitrary or excessive." *Id.*; *see also Karsjens v. Lourey*, 988 F.3d 1047 (8th Cir. 2021).

Cunningham alleges he was without a toilet for a few days. He alleges no specific injury as a result of these conditions, other than embarrassment and

humiliation.[3] And he describes no punitive intent on the part of the defendants. His allegations simply do not indicate that he was subjected to arbitrary or excessive conditions that were punitive in nature. Rather, he describes a short, isolated deprivation. *See e.g., Stickley v. Byrd,* 703 F.3d 421, 424 (8th Cir. 2013) (no constitutional deprivation where pretrial detainee exhausted his weekly allotment of toilet paper each week before week's end); *Smith v. Copeland,* 87 F.3d 265, 268-69 (8th Cir. 1996) (no constitutional violation where pretrial detainee was subjected to overflowed toilet for four days).

### III. Conclusion

For the reasons stated herein, Cunningham's conditions-of-confinement claims should be dismissed without prejudice for failure to state a claim upon which relief may be granted. It is therefore recommended that:

1. Cunningham's claims be dismissed without prejudice.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

---

[3] "Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation." *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) (citing *Carey v. Piphus*, 435 U.S. 247, 253-55 (1978)); *see also Johnson v. State of Mo.*, 142 F.3d 1087, 1088 (8th Cir. 1998) ("'To establish standing, a party must, at a minimum, have suffered an 'injury-in-fact,' fairly traceable to the defendant's conduct, which is likely to be redressed by a favorable decision.'") (quoting *Brouhard v. Lee*, 125 F.3d 656, 661 (8th Cir. 1997)). Additionally, a prisoner-plaintiff may not recover compensatory damages for emotional injury without also showing a physical injury (or the commission of a sexual act). 42 U.S.C. § 1997e(e).

3.     The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

SO RECOMMENDED this 5th day of April, 2023.

_____
UNITED STATES MAGISTRATE JUDGE