IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JAMES DANIEL CUNNINGHAM                                                                    PLAINTIFF

v.                              Case No. 4:23-cv-00073-KGB-PSH

WISE, *et al.*                                                                                          DEFENDANTS

## ORDER

Before the Court are Proposed Findings and Recommendation ("Recommendation") submitted by United States Magistrate Judge Patricia S. Harris (Dkt. No. 7). Plaintiff James Daniel Cunningham filed objections to the Recommendation (Dk. No. 9). Mr. Cunningham also filed a motion to appoint counsel and motions for status update (Dkt. Nos. 8, 10–11). After careful consideration of the Recommendation, Mr. Cunningham's objections, and a *de novo* review of the record, the Court adopts the Recommendation in its entirety as its own (Dkt. No. 7). The Court denies as moot Mr. Cunningham's motion to appoint counsel (Dkt. No. 8), and the Court grants Mr. Cunningham's motions for status update (Dkt. Nos. 10–11).

In her Recommendation, Judge Harris screened Mr. Cunningham's amended complaint pursuant to 28 U.S.C. § 1915(a) (Dkt. No. 7). Judge Harris found that Mr. Cunningham's allegations that he was placed into a cell without a toilet for three or more days and that he was embarrassed and dehumanized as a result were insufficient to state pretrial conditions of confinement claims under the Due Process Clause of the Fourteenth Amendment (*Id.*, at 4–5). Judge Harris noted that, in his operative amended complaint (Dkt. No. 5), Mr. Cunningham failed to allege any facts to suggest punitive intent on the part of the defendants or that the conditions were arbitrary or excessive (Dkt. No. 7, at 5). Judge Harris therefore recommended that Mr.

Cunningham's claims be dismissed without prejudice for failure to state a claim upon which relief may be granted (*Id.*).

In his objections, Mr. Cunningham states that "[t]he claim I've made is good enough for the courts to know that it is still a violation of my constitutional rights and should not be dismissed." (Dkt. No. 9, at 2). Mr. Cunningham further states that separate defendant Sergeant Watkins "was retaliating due to the case I have on him . . . ." (*Id.* at 1).

Mr. Cunningham raises these allegations of retaliation for the first time in his objections, and it is not clear to the Court to what Mr. Cunningham refers when he claims retaliation. The Court observes that Mr. Cunningham may not litigate in this case new, unrelated claims, especially if he has not exhausted fully grievances and administrative remedies as to those claims prior to filing suit. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory."). Further, to the extent Mr. Cunningham intends to pursue claims for retaliation or access to the courts, he must properly exhaust those claims before pursuing them in a separate action filed against and naming the appropriate parties. *See* Fed. R. Civ. P. 20; *see also Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974) (Federal Rule of Civil Procedure 20 permits "all reasonably related claims for relief by or against different parties to be tried in a single proceeding."); *Fulghum v. Allen*, 2015 626 Fed. App'x 653, 654 (8th Cir. 2015).

Upon a *de novo* review of the record, including the Recommendation, the Court finds that Mr. Cunningham's objections break no new ground and fail to rebut Judge Harris's findings. The Court is sympathetic to Mr. Cunningham, given the situation he claims he encountered as a pretrial detainee. However, given the high bar for actionable claims in the Eighth Circuit Court of Appeals,

as demonstrated by the prior cases Judge Harris cites in her Recommendation, the Court overrules Mr. Cunningham's objections.  The Court adopts the Recommendation (Dkt. No. 7).

It is therefore ordered that:

1. Mr. Cunningham's complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. The Court recommends that this dismissal count as a "strike" for the purposes of 28 U.S.C. § 1915(g).

3. Because the Court dismisses without prejudice his complaint, the Court denies as moot Mr. Cunningham's motion to appoint counsel (Dkt. No. 8).

4. The Court grants Mr. Cunningham's motions for status update (Dkt. Nos. 10–11). The Court directs the Clerk of Court to send Mr. Cunningham a copy of the docket sheet in this case.

5. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and the accompanying Judgment would not be taken in good faith.

So ordered this 12th day of July, 2023.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　Kristine G. Baker
　　　　　　　　　　　　　　　　　　　United States District Court Judge